IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

TASHA HERRING                                                                                                 PLAINTIFF

V.                                                            CAUSE NO.: 1:11CV10-SA-DAS

AW MANUFACTURING, INC.                                             DEFENDANT

MEMORANDUM OPINION

Plaintiff filed this Complaint alleging she was the victim of gender discrimination, race discrimination, sexual harassment, and retaliation for reporting the sexual harassment. Defendant filed a Motion for Summary Judgment [29] seeking judgment as a matter of law. Plaintiff conceded her gender discrimination and race discrimination claims. After reviewing the motion, response, rules, and authorities, the Court finds as follows:

*Factual and Procedural Background*

Tasha Herring was employed as a frame builder at the AW Manufacturing plant in Shannon, Mississippi. Herring contends that in mid-2009, Willie Collins and Travis McIntosh began verbally sexually harassing her. Herring took medical leave in early 2010, and contends that when she returned from leave, the harassment progressed. Specifically, she alleges that on July 15, 2010, Willie Collins followed her to the bathroom and made comments that he was going to come in after her. On July 26, 2010, Herring contends that McIntosh followed her to her car where he placed his hand between her legs when she bent over into the front seat.

On July 27, 2010, Herring informed the Plant Manager, Avis Wren, a female, of the alleged actions of both males. Wren called McIntosh and Collins in her office individually and alerted them to the allegations. They both denied Herring's claims. Afterward, McIntosh approached Herring and asked why she said those things about him to Wren.

The next day, Herring confronted Bill Malisch, the owner of AW Manufacturing, and advised him of the alleged sexual harassment. Malisch informed her that it would be taken care of. Plaintiff admits that she was not further harassed after July 27, 2010.

In late August, Malisch provided new staple guns to the frame builders at AW Manufacturing. Herring contends the new (blue) guns weighed more than the older (gray) guns. Herring complained to Wren that using the new guns caused her back to hurt. The next day, August 27, 2010, Plaintiff was laid off from her position at AW Manufacturing.

Defendant contends that Plaintiff's claims for sexual harassment and retaliation are due to be dismissed.

*Summary Judgment Standard*

On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) ("the burden on the moving party may be discharged by 'showing'… that there is an absence of evidence to support the non-moving party's case"). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden shifts to the non-movant to "go beyond the pleadings and by… affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324, 106 S. Ct. 2548. That burden is not discharged by "mere allegations or denials." FED. R. CIV. P. 56(e). All legitimate factual inferences must be made in favor of the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden

of proof at trial." Celotex Corp., 477 U.S. at 322, 106 S. Ct. 2548. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

*Discussion and Analysis*

Motion to Strike

Defendant has filed a Motion to Strike the affidavit of Elb Walton from Plaintiff's Response as Mr. Walton was an undisclosed witness during discovery. Plaintiff asserts that she was unaware that Mr. Walton had discoverable information until after the summary judgment motion was filed. Federal Rule of Civil Procedure 26(e) requires the supplementation of discovery in a "timely manner." The Court will not strike the late-supplemented discovery response as Plaintiff disclosed the witness soon after she determined him to have discoverable information. Accordingly, Defendant's Motion to Strike [36] is DENIED.

Sexual Harassment Claim

The United States Supreme Court recognizes two types of sexual harassment claims: (1) claims that are based on requests for sexual favors that result in adverse employment actions ("quid pro quo claims"); and (2) claims where bothersome attentions or sexual remarks create a hostile work environment. Faragher v. City of Boca Raton, 524 U.S. 775, 118 S. Ct. 2275, 141 L. Ed. 2d 662 (1998). Plaintiff asserts a claim for hostile work environment.

In order to establish a hostile work environment claim, Plaintiff must demonstrate that "(1) she is [a] member of a protected group; (2) she was the victim of uninvited sexual harassment; (3) the harassment was based on sex; (4) the harassment affected a term, condition, or privilege of her

3

employment; and (5) her employer knew or should have known of the harassment and failed to take prompt remedial action." Harvill v. Westward Comm'n, L.L.C., 433 F.3d 428, 434 (5th Cir. 2005) (quotation marks and citation omitted).

Two distinct instances of alleged sexual harassment have been asserted: (1) Willie Collins followed Plaintiff to the bathroom on July 15, 2010; and (2) Travis McIntosh touched between her legs in the parking lot on July 26, 2010. Even if the Court assumed Plaintiff could prove the first four prongs of her prima facie sexual harassment claim, Plaintiff cannot prove the fifth element of her prima facie case. Indeed, Plaintiff admitted that unless she informed her employer of the incidents, there was no way her supervisors would have known about Collins or McIntosh's behavior. Plaintiff stated that she would have had to come forward and make a report of the alleged harassment for that behavior to come to the attention of her employer. Further, she noted that she did not inform her employer of the incidents until July 27, and after telling them, no other harassing behavior occurred. See May v. FedEx Freight East, Inc., 374 F. App'x 510, 511 (5th Cir. 2010) (court affirmed district court's dismissal based on the determination that the plaintiff could not establish a prima facie case of sexual harassment as to the fifth element because she failed to take advantage of the corrective opportunities provided by her employer).

Accordingly, Plaintiff's sexual harassment claim fails as she cannot meet her prima facie burden under the facts asserted.

Retaliation Claim

The McDonnell Douglas test is applicable to Title VII unlawful retaliation cases. Byers v. Dallas Morning News, Inc., 209 F.3d 419, 427 (5th Cir. 2000). A plaintiff establishes a prima facie case of retaliation under 42 U.S.C. § 2000e-3(a) by showing that: (1) she engaged in an activity

protected by Title VII; (2) she was subjected to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse employment action. See Stewart v. Mississippi Transp. Comm'n, 586 F.3d 321, 331 (5th Cir. 2009).

Here, the Court concludes that, when viewing the evidence in the light most favorable to the nonmovant, Plaintiff has met her burden at this stage in litigation of demonstrating a prima facie case. Plaintiff contends that one month prior to her termination, she informed the Plant Manager, Avis Wren and Bill Malisch, that she was being sexually harassed. Her termination undisputedly constitutes an adverse employment decision. As to the third prong, in order to establish a 'causal link' as required by the third prong of the prima facie case, a plaintiff does not have to prove that his protected activity was the sole factor motivating the employer's challenged actions. Gee v. Principi, 289 F.3d 342, 345 (5th Cir. 2002). Close timing between an employee's protected activity and an adverse action against the employee may provide the causal connection needed to make out a prima facie case of retaliation. McCoy v. City of Shreveport, 492 F.3d 551, 562 n.28 (5th Cir. 2007); Swanson v. Gen. Srvs. Admin., 110 F.3d 1180, 1188 (5th Cir. 1997). However, if the only evidence of a prima facie causal link is "mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action," then "the temporal proximity must be very close." Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 273-74, 121 S. Ct. 1508, 149 L. Ed. 2d 509 (2001) (per curiam) .

Here, the temporal proximity, one month between protected activity and Plaintiff's removal from her position, is enough to satisfy a prima facie case of retaliation. See Poers v. Woodlands Religious Cmty, Inc., 323 F. App'x 300 (5th Cir. 2009) (per curiam) (holding one month span between FMLA leave and termination sufficient to satisfy causation element of prima facie case);

5

Richardson v. Prairie Opportunity, 2012 U.S. App. Lexis 8376, *10 (5th Cir. Apr. 25, 2011) (less than two month span between the protected activity and the adverse action is sufficient temporal proximity for a prima facie showing of causation).

Once the plaintiff makes out a prima facie case of retaliation, the burden shifts to the employer to articulate a legitimate, non-retaliatory reason for the employment action. Aryain v. Wal-Mart Stores Tex. LP, 534 F.3d 473, 484 (5th Cir. 2008). To survive summary judgment, plaintiff must then offer evidence that (1) the defendant's reason is not true, but is instead a pretext for retaliation (pretext alternative), or (2) the defendant's reason, though true, is only one of the reasons for its conduct, and another motivating factor is retaliation for the plaintiff engaging in protected activity (mixed-motives alternative). See Rachid v. Jack in the Box, Inc., 376 F.3d 305, 312 (5th Cir. 2004); Smith v. Xerox Corp., 602 F.3d 320, 330-33 (5th Cir. 2010).

Defendant's reason for Plaintiff's removal is her complaints about and refusal to use the new staple guns provided by the employer. Defendant also attempts to justify Plaintiff's termination as a reduction in force. This articulated reason satisfies Defendant's burden of production. As such, in order to survive summary judgment, Plaintiff must offer evidence that (1) the defendant's reason is not true, but is instead a pretext for retaliation (pretext alternative), or (2) the defendant's reason, though true, is only one of the reasons for its conduct, and another motivating factor is retaliation for the plaintiff engaging in protected activity (mixed-motives alternative).

Plaintiff has raised a genuine issue of material fact as to the justification for her removal. Elb Walton's Declaration noted that he was aware of many complaint from other line workers about using the new guns. In fact, Walton stated that management reverted back to using the old guns from the time Plaintiff was laid off until he left the employ of AW Manufacturing in 2012. Plaintiff

additionally noted that others were allowed to continue using the old guns as she requested prior to termination. Moreover, Plaintiff has presented evidence that Defendant's reduction in force argument lacks veracity based on the number of employees at the facility per month. Indeed, Avis Wren testified that "Tasha was laid off because of her mouth." A jury could reasonably find that Plaintiff suffered an adverse employment action for complaining about sexual harassment in the workplace.

Plaintiff has presented a genuine dispute of material fact as to the retaliation claim.

*Conclusion*

Defendant's Motion for Summary Judgment [29] is granted in part and denied in part. Plaintiff has presented a genuine dispute of material fact as to whether she was retaliated against for making sexual harassment claims.

SO ORDERED, this the 21st day of May, 2012.

                                          **/s/ Sharion Aycock**
                                          **U.S. DISTRICT JUDGE**